## Prutzman *against* Ferree.

A wrongdoer without title is bound to restore a possession forcibly gained; but a wrongdoer with title, though liable to make restitution on an indictment for forcible entry and detainer, can not be compelled to do so by an action of ejectment.

An intruder gains no advantage of a landlord by colluding with his tenant; but a collusive arrangement broken off, puts him in no worse condition than if no arrangement had been made.

ERROR to the common pleas of *Tioga* county.

John Prutzman against Chauncy Ferree. Ejectment for a tract of land.

Robert Bailey, claiming to be the owner of a tract of land, in March 1828, put Chester Couch into possession of it as his tenant; in October 1828, Couch purchased the land from John Norris, the agent of Elias Boudinot, by articles of agreement. On May 12, 1829, Couch sold the land to Jesse Keeney, who went into posses-sion of the north half of it. About this time Keeney made a bargain with Ferree, that, for the consideration of twenty-five dollars, he would surrender him the possession of the south half of the land. The bargain was not consummated, however, by the payment of the money, and afterwards Ferree went into possession of that part without Keeney's consent. On May 7, 1833, John Norris, as the agent of Joseph P. Norris, who perhaps in the meantime had ob-tained the title of Boudinot, sold the land, by articles of agreement, to Chauncy Ferree, who was in possession when suit was brought.

The plaintiff, John Prutzman, claimed title under Robert Bailey, whose title he had purchased at sheriff's sale, and without showing any title in him claimed to recover by reason of the manner in which the defendant obtained the possession, as above stated, and presented the following point, upon which he requested the answer of the court to the jury:

"That if the jury believe that the possession of the premises in dispute was obtained by Ferree forcibly or surreptitiously, from the' tenant of Bailey, or those claiming under him, he cannot avail him-self of any title, however acquired, to protect his possession thus wrongfully obtained."

The court below (Conyngham, President) instructed the jury, that the mere making of the contract between Ferree and Keeney for

[Prutzman v. Ferree.]

the possession, if not carried into effect, would not prejudice the defendant in his possession, which he obtained afterwards, without the assent of Keeney, or against his will: but that if he entered into possession under Keeney, who went in under Couch, who was the tenant of Bailey, the law would be otherwise; and he could retain his possession.

The jury found a verdict for the defendant.

*S. Maynard,* for plaintiff in error, cited 2 *Binn.* 468; 6 *Binn.* 62; 4 *Johns.* 208; 8 *Watts* 536; 3 *Penns. Rep.* 405.

*Williston,* for defendant in error.

PER CURIAM.—An intruder gains no advantage of a landlord by colluding with his tenant; but a collusive arrangement, broken off, puts him in no worse condition than if no arrangement had existed. A subsequent entry on the tenant would preclude no defence which would not be precluded by an entry on the landlord; yet the intruder would be compelled to restore the possession, unless he could show the better title. But though a naked wrongdoer is bound to restore a possession forcibly gained, yet a wrongdoer with title, though liable to make restitution on an indictment of forcible entry and detainer, cannot be compelled to do so by an action of ejectment. And it would not be necessary to show that he had title at the time of the entry; for one man may commit a disseisin to the use of another; and, according to a trite maxim of the common law, a ratification is equivalent to a previous authority. *Co. Lit.* 180, *b.* Here the conveyance from the owner of the title was a ratification sufficient for the defendant's protection: and this was, in substance, the direction which has been assigned as error.

Judgment affirmed.